IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr89

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| STEVEN BERNARD BLACK (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses. (Doc. No. 38). The time has passed for the government to respond. (Doc. No. 43: Order).

The defendant pled guilty to conspiracy to possess at least 5 grams of cocaine base with intent to distribute. (Doc. No. 28: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was more than 5 but fewer than 20 grams. (Doc. No. 29: Statement of Reasons (SOR) at 1; Doc. No. 17: Plea Agreement at 7(a)). The resulting offense level of 26 was reduced by 2 based on safety valve eligibility (Doc. No. 29: SOR at 1), and by 3 for acceptance of responsibility (PSR at ¶ 29). Combined with a criminal history category of I, the resulting advisory guideline range was 37-46 months.[1] (Doc. No. 29: SOR at 1). The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 26: Motion). After granting the motion, the Court sentenced the defendant to 24 months' imprisonment, which was 65% of the low end of the range.

---

[1]The Court was not required to impose the statutory mandatory minimum sentence based on 18 U.S.C. 3553(f) and USSG §5C1.2. (Doc. No. 29: SOR at 1).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 38). However, he incorrectly argues that the amended guideline range is determined by subtracting two offense levels from the effective range of the defendant's original sentence.[2] As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon resentencing. USSG §1B1.10(b)(2)(B) and comment. (n.3).

The amended offense level for possessing more than 5 but fewer than 20 grams of cocaine base is 24. USSG Supp. to Appx. C., Amend. 706 (2007). The subtraction of 2 levels for safety valve eligibility and 3 levels for acceptance of responsibility, results in a total offense level of 19. The amended guideline range, given a criminal history category of I, is 30-37 months. Applying the comparable reduction for substantial assistance to the low end of that range yields a 20-month sentence. The Bureau of Prisons has credited the defendant with serving approximately 14 months' incarceration. (Doc. No. 434: PSR Supplement at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

---

[2] The defendant's 24-month sentence falls at the high end of the guideline range for an offense level 15 and criminal history category I. USSG §5A (Sentencing Table). Without explanation, the defendant argues that his amended offense level is 13, with a resulting range of 12-18 months. (Doc. No. 38: Motion at 2).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 20 months' imprisonment.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 27, 2008

Robert J. Conrad, Jr.
Chief United States District Judge